UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


HAROLD E. STRAWTER, JR.,

       Plaintiff,

v.                                      Case No. 3:08-cv-1073-J-34MCR

OFFICER A. SIMON,

       Defendant.

_____

### ORDER[1]

Plaintiff Harold Eugene Strawter, Jr., an inmate of the Florida penal system who is proceeding in forma pauperis and pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 on November 5, 2008, pursuant to the mailbox rule. Plaintiff is now proceeding on an Amended Complaint (Doc. #6), in which Plaintiff names Officer A. Simon as the Defendant. Plaintiff claims that, on March 2, 2008, Officer Simon (the food service security officer) subjected him to cruel and unusual punishment when she "threw hot boiling water" on Plaintiff's back just below his right shoulder, which resulted in a scar on Plaintiff's back. Amended Complaint at 8-9. As relief, he requests $250,000.00 in monetary damages. Id. at 10.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

This cause is now before the Court on Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Motion to Dismiss) (Doc. #13), filed May 29, 2009.[2] See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted), cert. denied, 129 S.Ct. 733 (2008).  Since Plaintiff is appearing pro se, the Court advised him on how to properly respond to the motion to dismiss and gave him an opportunity to respond. See Court's Order (Doc. #8) (allowing twenty days to file a response), filed January 8, 2009.  As of the date of this Order, Plaintiff has not responded to the Motion to Dismiss and has not requested an extension of time.  Since a sufficient response time has been provided to pro se Plaintiff, the Motion to Dismiss is now ripe for review.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

---

[2] Defendant's exhibits will be referred to as "Def. Ex."

>      (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d at 1374; Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Furthermore, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)).

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally submit an informal grievance "to the staff member who is responsible in the particular area of the problem." Rule 33-103.002(12), Fla. Admin. Code (2008). If the issue is not resolved, the inmate must file a formal grievance at the institutional level. See Rule 33-103.006, Fla. Admin. Code (2008). If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office

of the Secretary of the Florida Department of Corrections.  See Rule 33-103.007, Fla. Admin. Code (2008).

Defendant Simon contends that Plaintiff has failed to exhaust his available administrative grievance remedies.  Specifically, Defendant asserts that a review of the official records of the Florida Department of Corrections demonstrates that Plaintiff did not submit any informal grievance regarding the alleged assault (Affidavit of Brenda Whitehead, Def. Ex. A), did not submit a formal grievance regarding the alleged incident to the Warden at Florida State Prison (Affidavit of David Worthington, Def. Ex. B) and did not submit a grievance or grievance appeal regarding the issue to the Secretary of the Florida Department of Corrections (Affidavit of Rebecca Padgham, Def. Ex. C).

Plaintiff, in the Amended Complaint, admits that he did not adhere to the administrative grievance procedure.  In response to a request for information on the complaint form regarding any grievances submitted on this issue, Plaintiff concedes that he did not submit an informal grievance, did not submit a formal grievance, and did not submit an appeal of the issue described in the Amended Complaint to the Secretary of the Florida Department of Corrections.  Amended Complaint at 2-3.  The Court notes that, attached to Plaintiff's Amended Complaint, Plaintiff submitted an inmate request form addressed to the medical department.  However, as this inmate request was addressed to the medical department, it

4

did not satisfy the requirement of an informal grievance directed to the staff member responsible in the particular area of the problem. See Rule 33-103.002(12), Fla. Admin. Code (2005); see also Rule 33-103.005(1), Fla. Admin. Code (2005).[3]

Thus, taking Plaintiff's allegations (contained within Plaintiff's Amended Complaint and the attached inmate request submitted to the medical department) as true, this action is due to be dismissed without prejudice for Plaintiff's failure to properly exhaust the available administrative remedies. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (explaining the two-step process in deciding a motion to dismiss for failure to exhaust administrative remedies and noting that, since the district court had concluded, at the first step, that even taking Plaintiff's version of the facts as true he had not exhausted his administrative remedies, the court never reached the second step of resolving any factual disputes between the parties about exhaustion).

Thus, based on the record before this Court, Defendant Simon's Motion to Dismiss will be granted only to the extent that this case

---

[3] At the time of the incident on March 2, 2008, the applicable rules were those that had become effective on February 9, 2005.

will be dismissed without prejudice[4] for Plaintiff's failure to properly exhaust the available administrative remedies.

Therefore, it is now

**ORDERED**:

1. Defendant Simon's Motion to Dismiss (Doc. #13) is **GRANTED** only to the extent that this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to properly exhaust the available administrative remedies.

2. The Clerk of Court shall enter judgment dismissing this case **without prejudice** and shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2009.

MARCIA MORALES HOWARD
United States District Judge

sc 11/23
c:
Harold E. Strawter, Jr.
Ass't Attorney General (Kilinski)

---

[4] Although Defendant requests a dismissal <u>with</u> prejudice, <u>see</u> Defendant's Motion to Dismiss at 6, this Court will dismiss the case without prejudice. <u>See</u> <u>Bryant v. Rich</u>, 530 F.3d at 1375 n.11. Plaintiff Strawter has an available grievance procedure at Florida State Prison, where he is currently housed. <u>See</u> http://www.dc.state.fl.us/ActiveInmates (website for the Corrections Offender Network).

6